

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-26-2007

# Loren v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5235

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Loren v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1573.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1573

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-5235

———————

BILL LOREN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

———————

ON PETITION FOR REVIEW FROM THE DECISION OF
THE BOARD OF IMMIGRATION APPEALS
(BIA No. A96-262-735)
Immigration Judge: Miriam K. Mills

———————

Submitted Under Third Circuit LAR 34.1(a)
February 2, 2007

———————

Before: BARRY and ROTH, *Circuit Judges,*
and IRENAS, *District Judge**

(Filed: February 26, 2007)

———————

OPINION

———————

IRENAS, *Senior District Judge*.

———————

* The Honorable Joseph E. Irenas, Senior District Judge for the District of New Jersey, sitting by designation.

Petitioner Bill Loren appeals the order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") opinion and order denying Loren's application for withholding of removal, 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman and Degrading Treatment or Punishment ("CAT").[1]  Pursuant to 8 U.S.C. § 1252, we have jurisdiction over this timely petition for review of the BIA's final determination.  For the reasons set forth below, we will deny the petition.

## I.

Loren is an Indonesian citizen of Chinese ethnicity.  He is also a Christian.  He entered the United States in July, 2001, overstayed his visitor visa, and removal proceedings were instituted against him.  After conceding removability, Loren asserted withholding of removal and CAT claims at the removal hearing.  Loren claims that if he returns to Indonesia, he will face persecution and torture because of his Chinese ethnicity and his religion.

Loren relies on five incidents which he asserts collectively cause him to fear torture upon returning to Indonesia.  First, sometime in 1988,[2] seven unidentified men robbed his parents, taking a watch and a necklace.  The assailants beat his father, kicked his mother, and threatened them with further harm if they reported the incident to the

---

[1] CAT has been implemented by regulations codified at 8 C.F.R. §§ 208.16 and 208.18.

[2] Loren was nine years old at the time.

police.

The second incident allegedly occurred in 1993. Loren's affidavit in support of his claims stated that he was hosting a group from church at his parents' house when unidentified people outside the house chanted Islamic slogans and threw stones at the house. The next day, a neighborhood representative allegedly warned Loren's father not to host any more Christian meetings or else he should not "blame the Moslems if something happens to your family." However, as the Immigration Judge noted, Loren recanted at the removal hearing, denying that he ever held such a meeting.

Third, Loren states that in 1996, two unidentified native Indonesians knocked him off of his motorbike, kicked him, and stole his wallet and motorbike. The extent of his injuries is not clear from the record.

Fourth, Loren asserts that two unidentified men threatened at knife point his parents, his brother, and his aunt while attempting to deposit money in a bank in 1998. The men also stole his aunt's handbags.[3] Loren states that the incident was reported to law enforcement but nothing happened.

Lastly, while at college in 2000, Loren states that four young men beat him and warned him not to be so arrogant as an ethnic Chinese. The extent of his injuries are not

---

[3] The IJ's opinion is somewhat unclear as to whether the assault and robbery on Loren's family members in 1998 occurred in one incident or two separate incidents; one primarily involving Loren's father, and another primarily involving Loren's aunt. The distinction, however, has no effect on the disposition of this case.

clear from the record.[4]

The IJ denied both the withholding of removal claim and the CAT claim,[5] holding that Loren had not sufficiently established that he "will, more likely than not, be harmed if he returns to Indonesia based on his ethnicity or religion." The BIA affirmed.

The present petition seeks review of the BIA's decision with regard to both the withholding of removal and the CAT claims. For the reasons stated below, we will deny the petition.

**II.**

The BIA's order adopted the IJ's decision and, in a few short sentences, explained its decision. Thus, we review the BIA's decision and the IJ's opinion to the extent it was adopted by the BIA. *Zhang v. Gonzales,* 405 F.3d 150, 155 (3d Cir. 2005); *Gao v. Ashcroft*, 299 F.3d 266, 271 (3d Cir. 2002). Factual determinations, such as whether an applicant seeking withholding of removal demonstrated past persecution or threat of future persecution, are reviewed for substantial evidence. *Gao*, 299 F.3d at 272. Denials of CAT relief are also subject to substantial evidence review. *Zubeda v. Ashcroft*, 333 F.3d 463, 471 (3d Cir. 2003).

"If a reasonable fact finder could make a particular finding on the administrative record, then the finding is supported by substantial evidence. Conversely, if no

---

[4] Loren also relied upon the Country Report on Human Rights Practices for 2003 and the International Religious Freedom Report for 2003.

[5] Loren initially asserted an asylum claim before the IJ, *see* 8 U.S.C. § 1158, but withdrew it because it was time-barred.

4

reasonable fact finder could make that finding on the administrative record, the finding is not supported by substantial evidence." *Berishaj v. Ashcroft*, 378 F.3d 314, 322-23 (3d Cir. 2004) (quoting *Dia v. Ashcroft*, 353 F.3d 228, 249 (3d Cir. 2003)(en banc)).

## III.

## A.

An applicant is entitled to withholding of removal if he demonstrates a clear probability that his life or freedom will be threatened on account of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A); *INS v. Stevic*, 467 U.S. 407, 413 (1984); *Toure v. Atty. Gen. of the U.S.*, 443 F.3d 310, 317 (3d Cir. 2006). The question under this standard is whether it is more likely than not that the applicant would be subject to persecution. *Toure*, 443 F.3d at 317 (quoting *Stevic*). An applicant can establish eligibility for withholding of removal either by demonstrating past persecution or by showing a likelihood of future persecution. 8 C.F.R. § 1208.16(b). "Persecution" is "'extreme conduct'" such as "'threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom.'" *Lie v. Ashcroft,* 396 F.3d 530, 534, 536 (3d Cir. 2005) (quoting *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993)).

In *Lie*, this Court held that an Indonesian asylum applicant of Chinese origin failed to submit sufficient evidence in support of her claims that she had suffered past persecution because she had failed to establish that the two robberies of which she was the victim were "on account of,"--i.e., motivated by-- her ethnicity, and were sufficiently

serious to amount to persecution. *Lie,* 396 F.3d at 535-36.  The robberies described in *Lie* are similar to the incidents that Loren and his family experienced.  In both cases, the incidents were unrelated, isolated criminal acts perpetrated by unknown assailants.  In both cases, the assailants uttered a single ethnic slur.  Indeed, a majority of the incidents Loren relies upon neither involve any ethnic or religious slur nor show any other indication that the assailants were motivated by Loren's ethnicity or religion.  For example, as the IJ observed, the assault and robbery in 1998 "was not shown to be anything other than crime for economic gain."

Thus, we conclude that the BIA's determination that Loren had not suffered past persecution or is more likely than not to suffer future persecution on account of his ethnicity or religion was supported by substantial evidence.  Loren's case is even more clear than *Lie*.   Lie asserted an asylum claim, which has a lower burden of proof than Loren's burden with respect to his withholding of removal claim.  *Chen v. Ashcroft*, 376 F.3d 215, 223 (3d Cir. 2004) (contrasting burdens of proof for asylum and withholding of removal claims and explaining, "[a]n alien who fails to establish that he or she has a well-founded fear of persecution, so as to be eligible for a grant of asylum, necessarily will fail to establish the right to withholding of removal").

Accordingly, we hold that the denial of withholding of removal was supported by substantial evidence.

## B.

A CAT applicant must establish that "it is more likely than not" that he will be

tortured if removed to the proposed country of removal. 8 C.F.R. § 208.16(c)(2). In other words, the applicant has the burden to demonstrate "a greater than 50% probability that he would face torture." *Kamara v. Atty. Gen. of the U.S.*, 420 F.3d 202, 213-14 (3d Cir. 2005). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . *by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.*" 8 C.F.R. § 1208.18(a)(1)(emphasis added).

We hold that the denial of CAT protection was supported by substantial evidence because Loren presented no evidence of any governmental involvement in the incidents he recounts. He testified at the removal hearing that he did not even report the 2000 incident to authorities. Moreover, Loren did not submit any evidence that any Indonesian official acquiesced in the attacks which he asserts amounted to torture.

Accordingly, we hold that the denial of CAT relief was supported by substantial evidence.

**IV.**

Based on the foregoing, we will deny Loren's Petition for Review in its entirety.